**Opinion issued December 19, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00139-CR

———————————

**JERMAINE EARL SEXTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 339th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1370117**

---

## MEMORANDUM OPINION

A jury found appellant, Jermaine Earl Sexton, guilty of the offense of aggravated robbery. *See* TEX. PENAL CODE ANN. § 29.03 (West 2011). Appellant pleaded "not true" to the allegations in two enhancement paragraphs. The trial court found the two enhancements true and sentenced appellant to thirty-five years'

confinement.  *See* TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2013). Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous.  *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority.  *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978).  Counsel indicates that he has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal.  *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Counsel has also informed us that he delivered a copy of the brief to appellant and informed him of his right to examine the appellate record and to file a response.  *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008).

In his pro se response, appellant complains of his counsel's representation and that the witnesses were in cahoots with each other.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds

for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (same). Appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

Accordingly, we affirm the judgment of the trial court and grant counsel's motion to withdraw.[1] Attorney Jerome Godinich, Jr. must immediately send appellant the required notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

**PER CURIAM**

Panel consists of Justices Keyes, Higley, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).